## Toomey v. J. Robert Bazley, Inc.

*John F. Rauhauser, Jr.*, for plaintiffs.

*Spencer R. Liverant, Kain, Kain & Brown* and *Markowitz & Kagen*, for defendants.

ANDERSON, P. J., May 18, 1959.—This case is before the court on objections filed to interrogatories propounded to plaintiffs, Robert H. and Dorothy A. Toomey, and to defendant, J. Robert Bazley, Inc., by the York County Gas Company, defendant. The first question raised by defendant gas company relates to

the time of filing the objections under rule 4005 of the Procedural Rules. It contends that since the objections were not filed within 10 days of service of the interrogatories, that the objections are invalid and must be disregarded.

Pa. R. C. P. 4005(*b*) provides: "Within ten (10) days after service of interrogatories a party may file and serve written objections thereto. Answers to interrogatories to which objections are made shall be deferred until the objections are decided." The above rule seems clear and unambiguous and the fact that 20 days are allowed within which to file an answer to interrogatories as provided by Pa. R. C. P. 4006 would seem to clearly indicate that objections must be filed within the 10-day period or are considered waived.

There is a dearth of interpretation of this rule which would indicate that there is little doubt as to its clarity and intent. In Drawbaugh v. Pennsylvania Power & Light Company, 84 D. & C. 209, the question involved was indirectly touched upon by the Dauphin County Court. There objections to interrogatories were properly filed and again, after an amended petition was filed, additional objections were filed thereto, but two of the original objections were omitted. As to the omitted objections the court held there was an admission that the information requested was relevant and material as follows: "We feel that the omission is important. By the omission, defendant has tacitly admitted and conceded that the information requested in the interrogatories is competent and relevant and material."

By not filing the objections within the time allowed by the rule the same result would seem to follow. The record discloses that the interrogatories to Robert H. and Dorothy Toomey were filed and service accepted by their counsel on December 8, 1958. The objections were not filed thereto until December 29, 1958, which

is at least 20 days after service. The interrogatories as to J. Robert Bazley, Inc., were filed and service accepted by its counsel on December 16, 1958. The objections were not filed thereto until January 9, 1959, an interval of 24 days. Since it is obvious that the objections were not timely filed as required by the rule, we enter the following order.

### Order

And now, to wit, May 18, 1959, the objections filed to interrogatories served upon Robert M. and Dorothy A. Toomey, plaintiffs and upon J. Robert Bazley, Inc., defendant, are herewith overruled and dismissed since they were not filed within the time prescribed by Pa. R. C. P. 4005(*b*).